## Harlan & Duncan *vs.* Sigler.

### *Error to Van Buren.*

Where a note is not negotiable at the time of its execution, it is competent for the legislature, by a subsequent act, to authorize the assignee to sue in his own name.

A statute may be operative in part, and inoperative in other respects.

This case was submitted without argument. The facts can be sufficiently gathered from the opinion of the court.

PER CURIAM, MASON, CHIEF JUSTICE.—From the transcript of the record in this case, it appears that the defendants below, executed their sealed note or single bill to one David Hanes, who endorsed the same over to the defendant in error. At the time of the execution and assignment of the note, it was not negotiable ; but afterwards (and prior to the commencment of this suit,) a statute was passed rendering such notes assignable, and authorizing the assignee to sue in his own name. Suit was instituted in that manner accordingly, and a judgment recovered in the District Court, to reverse which, the case has been brought here by writ of error.

Two causes of error are assigned : the first, that the petition (by which the suit was commenced) does not show such a cause of action

in favor of the plaintiff, as to entitle him to recover. In examining the petition, we find it to correspond with the form prescribed in the statute; the only observable defect being in the statement of the names of the defendants. They are described as A. W. Harlan and Wm. Duncan, *alias* Aaron W. Harlan and William Duncan. This is not the proper manner of identifying the entire, with the abbreviated name. Still, as the intention is evident, no objection can be sustained in the present stage of the proceedings.

It is probable however, that the error intended in the first assignment, is substantially the same as that embraced in the second—which is, that the note was not assignable in such a manner as to vest in the assignee, the power to sue in his own name. The law passed subsequently to the assignment, could not invade the rights of either party, as they then existed, although it might modify the remedy by which those rights were to be enforced or protected. Had the present law been in force prior to the assignment of the note, there could have been no question as to the regularity of the present proceedings. It only remains to enquire, whether the statute would so far operate upon the case, as to justify the institution of the suit in this form.

Under the law as it existed at the time the note was assigned, the assignee might have brought suit in the name of Hanes, for his own use. In such a case the defendants below might have availed themselves, to a certain extent, of the equities existing between themselves and Hanes. Under the new law, their rights in this respect would have been very different. That feature of the law, therefore, cannot be allowed to operate in this case, since it would impair the obligations of a pre-existing contract.

But so far as the new law authorizes the assignee to bring suit in his own name, we see no objections to giving it effect. It applies solely to the remedy. It merely declares that Sigler's name may stand alone as plaintiff, instead of the suit commencing in the name of " Hanes for the use of Sigler"—the equities remaining as before. It is a mere matter of form, and leaves the substantial rights of the parties wholly untouched. We think there was no error in the District Court, and the judgment will accordingly be affirmed.